# United States District Court

for

## Middle District of Tennessee

### Petition to Modify the Condition or Term of Supervision

*(Probation Form 49 Waiver of Hearing on the Modification is attached)*

Name of Offender: <u>Darrell Gene Briley</u>     Case Number: <u>3:09-00251</u>

Name of Judicial Officer: <u>Honorable William J. Haynes, Jr., Chief U. S. District Judge</u>

Date of Original Sentence: <u>March 1, 2012</u>

Original Offense: <u>18 U.S.C. § 922(g)(1) and 924 Felon in Possession of a Firearm</u>

Original Sentence: <u>5 years' probation</u>

Type of Supervision: <u>Probation</u>     Date Supervision Commenced: <u>March 1, 2012</u>

Assistant U.S. Attorney: <u>William Lee Deneke</u>     Defense Attorney: <u>R. David Baker</u>

---

## PETITIONING THE COURT

- ■ To modify the release conditions as follows:

**To better assess compliance with the previously ordered special condition for home detention, the defendant is agreeable to adding the use of electronic monitoring. If the defendant can afford to pay for it, at the discretion of the probation officer, he will be required to contribute to the cost of the electronic monitoring.**

THE COURT ORDERS:

☑ A hearing to consider the modification is scheduled for: *8/31/12 at 11:00 am*

☐ No Action

☐ The extension of supervision as noted above.

☐ The modification(s) as noted above.

☐ Other

Considered this *23rd* day of *August*, 2012 and made a part of the records in the above case.

_____
William J. Haynes, Jr.
Chief U. S. District Judge

I declare under penalty of perjury that the foregoing is true and correct. Respectfully submitted,

_____
Joshua Smith
U.S. Probation Officer

Place     Nashville, Tennessee

Date     August 20, 2012

# ALLEGED VIOLATIONS

The probation officer believes that the offender has violated the following condition(s) of supervision:

Violation No.    Nature of Noncompliance

1.        **The defendant shall be under home detention for the first year of his probation. The Court does not require electronic monitoring. The defendant must remain at his residence except for work, religious services, and medical treatment. Any other needs require the written permission of the Probation Officer.**

Mr. Briley failed to answer calls to monitor his compliance with home confinement on May 16, May 20, June 14, June 23, June 25, July 26, and July 28.

## Compliance with Supervision Conditions and Prior Interventions:

Mr. Briley has been on supervision since March 1, 2012. He is employed by Sandra Chamberlain doing general labor and construction on her various properties. He also works as a mechanic, fixing cars at his residence. Following his sentencing, in order to observe the special condition of home detention, a schedule was established for when he would be required to be at his residence. Mr. Briley has failed to answer calls for home confinement monitoring on numerous occasions. In June 2012, the frequency of calling was increased to further monitor his compliance with his home detention. He has still continued to periodically fail to answer calls for his home detention monitoring giving various reasons for missing the calls, such as problems with his phone or simply not hearing the phone ring.

As a result of Mr. Briley's missed calls and his desire for the home detention monitoring to be less intrusive, he is agreeable to the proposed modification of his release conditions. The proposed modification would allow for home detention monitoring by means of an electronic monitoring device and therefore would not require regular phone calls to Mr. Briley to monitor his compliance.

## U.S. Probation Officer Recommendation:

It is recommended that the offender's release conditions be modified as indicated.

The U. S. Attorney's Office has been advised of the offender's noncompliance and the probation officer's request for the proposed modification.

Approved: _____
          Britton Shelton
          Supervisory U.S. Probation Officer

Waiver of Hearing to Modify Conditions
of Probation/Supervised Release or Extend Term of Supervision

# UNITED STATES DISTRICT COURT
## for the
# MIDDLE DISTRICT OF TENNESSEE

I have been advised and understand that I am entitled by law to a hearing and assistance of counsel before any unfavorable change may be made in my Conditions of Probation and Supervised Release or my period of supervision being extended. By 'assistance of counsel', I understand that I have the right to be represented at the hearing by counsel of my own choosing if I am able to retain counsel. I also understand that I have the right to request the Court to appoint counsel to represent me at such a hearing at no cost to myself if I am not able to retain counsel of my own choosing.

I hereby voluntarily waive my statutory right to a hearing and to assistance of counsel. I also agree to the following modification of my Conditions of Probation and Supervised Release or to the proposed extension of my term of supervision:

To better assess compliance with the previously ordered special condition for home detention, the defendant is agreeable to adding the use of electronic monitoring. If the defendant can afford to pay for it, at the discretion of the probation officer, he will be required to contribute to the cost of the electronic monitoring.

Witness: _____            Signed: _____
Joshua Smith                                                          Darrell Briley
U.S. Probation Officer                                          Probationer or Supervised Releasee

August 20, 2012
Date